**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


Ashley Eaton

  v.          Civil No. 12-cv-246-LM

Thomas & Williams, LLC, et al.


**NOTICE OF RULING**

  Re:  Document No. 9, Proposed Discovery Plan

The parties' proposed discovery plan (doc. no. 9) is approved.
However, the court orders the parties to file a supplement to
the plan for the reasons explained below.

The parties' statement regarding electronic discovery is
inadequate.  Rule 26(f)(3)(C) requires that a plan "must"
include the parties' views on electronic discovery "including
the form or forms in which it should be produced . . . ."  The
parties' proposed discovery plan includes the following
statement: "The parties' electronically stored discoverable
information shall be preserved and produced in compliance with
the rules in a text searchable or other standard, accepted, or
easily accessible format."  More is required under the rule.

Accordingly, the parties are ordered to meet and confer and
file, on or before November 13, 2012, a joint motion to
supplement the discovery plan that outlines more specifically
their plans/agreements with respect to electronic discovery.
The court refers the parties to the following outline of
potential issues to discuss:

  1. Preservation. Counsel should attempt to agree on steps
    the parties will take to segregate and preserve ESI in
    order to avoid accusations of spoliation.

  2. E-mail Information. Counsel should attempt to agree on
    the scope of e-mail discovery and e-mail search
    protocol.

3. Back-up and Archival Data. Counsel should attempt to
   agree on whether responsive back-up and archival data
   exists, the extent to which back-up and archival data is
   reasonably accessible, and who will bear the cost of
   obtaining such data.

4. Format and Media. Counsel should attempt to agree on the
   format and media to be used in the production of ESI,
   and whether production of some or all ESI in paper form
   is agreeable in lieu of production in electronic format.

5. Reasonably Accessible Information and Costs. Counsel
   should attempt to determine if any responsive ESI is not
   reasonably accessible, i.e., is accessible only by
   incurring undue burdens or costs.

6. Privileged or Trial Preparation Materials. Counsel also
   should attempt to reach agreement regarding what will
   happen in the event privileged or trial preparation
   materials are inadvertently disclosed.  See Fed. R.
   Evid. 502.

In light of the court's approval of the parties' proposed
discovery plan subject to the aforementioned modification, the
pretrial conference currently scheduled to occur on October 29,
2012, is cancelled.

Trial in this case is scheduled for the two-week trial period
beginning December 10, 2013.

_____
Landya McCafferty
United States Magistrate Judge

Date:  October 23, 2012

cc: Kevin C. Devine, Esq.
    John F. Skinner, III, Esq.

2